IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


**MELTON BARNEY,**

      Plaintiff,

vs.                                                                                                                          Civ. No. 11-106 ACT/LAM

**SUN FAB FABRICATION**
**INDUSTRIAL CONTRACTING, INC.,**

      Defendant.


**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** is before the Court on Defendant's Motion to Dismiss or in the alternative to Stay and to Compel Arbitration, filed June 14, 2011 [Doc. 5]. In its response, Plaintiff argued that Defendant's attachment of the Charge of Discrimination and the Agreement to Arbitrate Claims converted Defendant's motion to dismiss into a motion for summary judgment. On August 24, 2011, the Court converted the Motion to a motion for summary judgment only as to the Agreement to Arbitrate Claims and gave Plaintiff leave to respond to this Agreement. [Doc. 13]. Plaintiff responded on September 13, 2011 [Doc. 14]. In its response, Plaintiff withdrew its claim of retaliation stating he had failed to exhaust his administrative remedies. Defendant filed a reply on September 27, 2011 [Doc. 15]. In its reply, Defendant withdrew its Motion to Dismiss as to the Arbitration Agreement. Thus, the sole claim remaining as to Plaintiff's Motion to Dismiss is Plaintiff's failure to state a claim for age, race and national origin discrimination.

1

Law.

In analyzing the sufficiency of a complaint's allegations, the Court looks to the standard established in two Supreme Court decisions, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937 (2009). These cases provide the determinative test for whether a complaint meets the requirements of Federal Rules of Civil Procedure 8(a)(2) and 12(b)(6). In *Twombly*, the Court stated that the complaint must provide "more than labels and conclusions" or merely "a formulaic recitation of the elements of a cause" of action, so that "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id*. at 555 (citation omitted). It concluded that a "bare assertion" of the elements required to make a claim is not enough, but a claim needs "some further factual enhancement" to get it from "possibility" to the requisite "plausibility" required for relief." *Id*. at 556-57. In *Iqbal*, the court noted that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable" to "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclsuory statements...." *Iqbal*, 129 S. Ct. at 1949. It further noted that "only a complaint that states a plausible claim for relief survives a motion to dismiss," and that "[d]etermining whether a complaint states a plausible claim for relief will...be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 1950. In addition, the Court explained that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has merely made an allegation, but has not shown that the pleader is entitled to relief." *Id*. (alteration, quotation marks, and citation omitted).

Analysis.

Plaintiff argues that his Complaint satisfies the *Twombly* and *Iqbal* standards. He points out that his Complaint states: his age, race and tribal affiliation; that the court has jurisdiction; that he

has exhausted his administrative remedies; his dates of employment; the factual details of the "trigger event" that while he was not at work his co-workers spilled paint on the pavement and he was accused of spilling the paint; that he was terminated; and that non-Navajo and younger employees were treated in a materially more favorable fashion. [Doc. 14 at 4-7.]

The elements of a *prima facie* discrimination claim are relevant to the determination of whether a Complaint provides a defendant with fair notice and contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). To prevail under the Age Discrimination in Employment Act ("ADEA") Plaintiff must prove that his age was a the "but-for" cause of his allegations of adverse action. *Gross v. FBL Financial Servs., Inc.*, ___U.S.___, 129 S. Ct. 2343, 2351 (2009). To state a *prima facie* case of age discrimination Plaintiff must allege facts to plausibly show that: (1) he was a member of a protected class, that is, he is over 40 years old; (2) that he suffered an adverse employment action; and (3) that the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *Hysten v. Burlington Northern and Santa Fe Railway Co.*, 296 F.3d 1177, 1181 (10th Cir. 2002) (citation omitted).

As to Plaintiff's age discrimination allegations, Plaintiff has sufficiently plead that he was over 40 years old and he was terminated. However, he alleges no facts to plausibly support that his age was the determining factor or a factor at all in the decision to terminate him. His Complaint contains only Plaintiff's conclusory statement that "age was a significant factor in the decision to terminate his employment..." and "[y]ounger employees were treated in a materially more favorable fashion" than Plaintiff. [Doc. 1 at 4.]   Plaintiff alleges no facts linking his termination to age.

To prevail on a disparate-treatment case, a plaintiff must allege facts plausibly showing: "(1) that he is a member of a racial minority, (2) that he suffered an adverse employment action, and

(3) that similarly situated employees were treated differently." *Trujillo v. Univ. of Colo. Health Sciences Ctr.*, 157 F.3d 1211, 1215 (10th Cir. 1998). Plaintiff has alleged facts plausibly showing that he is a member of a racial minority and that he suffered an adverse employment action. However, he has alleged no facts that similarly situated employees were treated differently. He does not mention anyone other than himself in his Complaint.

The Court finds that these "threadbare recitals" and conclusory allegations are inadequate to overcome a Rule12(b)(6) challenge. *Iqbal*, 129 S. Ct. at 1949-50. Plaintiff did not provide any factual allegations that would support that anything the Defendant did or did not do was because of his age or race. The complaint does not demonstrate in any why Plaintiff believes that his age or race motivated Defendant's actions. He does not describe the workforce as to their age or race or national origin. Plaintiff fails to include the race of any person involved in the alleged discrimination. Plaintiff fails to allege any facts that a similarly situated employee was treated more favorably.

To conclude, Plaintiff's allegations are not entitled to an assumption of truth and provide no more than an"unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. Thus, Plaintiff's federal claims must be dismissed with prejudice.

Finally, because all federal claims are subject to dismissal, the Court declines supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3); *Smith v. City of Enid By and Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss or in the alternative to Stay and to Compel Arbitration filed June 14, 2011 is granted.

**IT IS FURTHER ORDERED** that all federal law claims are dismissed with prejudice and all state law claims are dismissed without prejudice.

_____
**ALAN C. TORGERSON**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**